IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN EDLUND,

    PLAINTIFF,

v.                                        CASE NO.:

LAMBERT ELECTRIC INC.,
    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, John Edlund, (hereinafter referred to as the "Plaintiff" or "Edlund"), by and through his undersigned attorney, sues the Defendant, Lambert Electric, Inc., (hereinafter referred to as the "Defendant" or "LEI"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for disability discrimination, retaliation and hostile work environment under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to

28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On August 11, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202126541) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202001186). On February 5, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on July 19, 2021.

## PARTIES

7. Plaintiff is a Caucasian male who resides in Cantonment, Florida. He was employed by Defendant from January 14, 2020, until his unlawful termination on

July 7, 2020.

8. Defendant, Lambert Electric, Inc. is located in Destin, FL, and is a residential and commercial electrical installation company. Defendant is an employer within the meaning of the ADA, ADAA and ADEA as it employs in excess of twenty (20) employees.

## GENERAL FACTS

9. Plaintiff is a 57 year old Caucasian male.

10. Plaintiff was employed by Defendant as an electrical helper from January 14, 2020, until his termination on July 7, 2020.

11. Throughout Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner.

12. On April 15, 2020, Plaintiff arrived to work and began conducting his normal working routine.

13. Due to the extreme heat of working outside in the sun, Plaintiff placed a fan next to himself to prevent overheating.

14. Later that day, my direct supervisor Mr. Bill Guthrie, began making derogatory comments about my age that I move to slow.

15. At the time of this harassment, Plaintiff was the oldest employee on the job.

16. Later that day, Mr. Guthrie took Plaintiff's fan and gave it to other

younger employees which already had one.

17. After asking Mr. Guthrie, why he took his fan, Mr. Guthrie, in retaliation, directed Plaintiff to dig a trench for the remaining four days of the work week with only a shovel as s tool.

18. Plaintiff informed Mr. Guthrie that he had rheumatoid arthritis and was not able to conduct these types of duties for long periods of time and asked for help or to be put on another job.

19. Mr. Guthrie did not respond and kept Plaintiff assigned to the trench project with no help or mechanical aide.

20. Plaintiff is a qualified individual with a disability, Plaintiff suffers from a chronic inflammatory disorder called Rheumatoid arthritis.

> a. he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
> b. Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
> c. he has a record of such impairment; and,
> d. he was regarded (perceived or otherwise) by Defendant as having such impairment

21. Rheumatoid arthritis is a chronic inflammatory disorder that can affect more than just your joints.

22. Rheumatoid arthritis can damage a wide variety of body systems, including the skin, eyes, lungs, heart and blood vessels.

23. As an autoimmune disorder, rheumatoid arthritis occurs when your immune system mistakenly attacks your own body's tissues.

24. Rheumatoid arthritis affects the lining of your joints, causing a painful swelling that can eventually result in bone erosion and joint deformity.

25. Plaintiff's rheumatoid arthritis substantially affected the major life activities of lifting, mobility, concentration, fatigue, fever and loss of appetite.

26. Once Defendant learned of Plaintiff's medical condition it discriminated and retaliated against him and because of his age, Defendant's retaliation made his disability worse.

27. Defendant's actions were intended to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

28. After digging trenches all week, Plaintiff became ill from the strenuous work which aggravated his disability.

29. Plaintiff asked Mr. Guthrie if he could go home and he indicated that he was allowed to leave.

30. Because Plaintiff was running a fever, he went to get tested for COVID-19 to make sure that my symptoms were not related to the virus.

31. Plaintiff told Mr. Guthrie that he had been tested for COVID-19 and

that he would return to work pending a negative result.

33. The following day, Mr. Guthrie contacted Plaintiff and requested that he resign his position.

33. Plaintiff refused to resign from his position.

34. On July 7th, 2020, Plaintiff was notified that his employment with Defendant was being terminated.

35. Any possible assertion that Plaintiff was terminated for performance, or any other reason, or that there was a viable business justification for his dismissal, is entirely *pretextual* for Defendant's blatant retaliation and discrimination against him because of his age and disability and in violation of his substantive rights under the ADA, ADAA, FCRA and ADEA.

### FIRST CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

37. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

38. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

39. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

40. Plaintiff informed Mr. Guthrie that he had rheumatoid arthritis and was not able to conduct these types of duties for long periods of time and asked for help or to be put on another job.

41. Mr. Guthrie did not respond and kept Plaintiff assigned to the trench project with no help or mechanical aide.

42. Plaintiff is a qualified individual with a disability, Plaintiff suffers from a chronic inflammatory disorder called Rheumatoid arthritis.

    a. he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;

    b. Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.

    c. he has a record of such impairment; and,

    d. he was regarded (perceived or otherwise) by Defendant as having

such impairments.

21. Rheumatoid arthritis is a chronic inflammatory disorder that can affect more than just your joints.

22. Rheumatoid arthritis can damage a wide variety of body systems, including the skin, eyes, lungs, heart and blood vessels.

23. As an autoimmune disorder, rheumatoid arthritis occurs when your immune system mistakenly attacks your own body's tissues.

24. Rheumatoid arthritis affects the lining of your joints, causing a painful swelling that can eventually result in bone erosion and joint deformity.

25. Plaintiff's rheumatoid arthritis substantially affected the major life activities of lifting, mobility, concentration, fatigue, fever and loss of appetite.

26. Once Defendant learned of Plaintiff's medical condition it discriminated and retaliated against him and because of his age, Defendant's retaliation made his disability worse.

27. Defendant's actions were intended to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

28. After digging trenches all week, Plaintiff became ill from the strenuous work which aggravated his disability.

29. Plaintiff asked Mr. Guthrie if he could go home and he indicated that he was allowed to leave.

43. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

44. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

45. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

46. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge;

and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

47. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

48. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

50. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

51. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

52. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

53. Plaintiff informed Mr. Guthrie that he had rheumatoid arthritis and was not able to conduct these types of duties for long periods of time and asked for help or to be put on another job.

54. Mr. Guthrie did not respond and kept Plaintiff assigned to the trench project with no help or mechanical aide.

55. Plaintiff is a qualified individual with a disability, Plaintiff suffers from a chronic inflammatory disorder called Rheumatoid arthritis.

   a. he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
   b. Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
   c. he has a record of such impairment; and,
   d. he was regarded (perceived or otherwise) by Defendant as having such impairments.

56. Rheumatoid arthritis is a chronic inflammatory disorder that can affect more than just your joints.

57. Rheumatoid arthritis can damage a wide variety of body systems, including the skin, eyes, lungs, heart and blood vessels.

58. As an autoimmune disorder, rheumatoid arthritis occurs when your immune system mistakenly attacks your own body's tissues.

59. Rheumatoid arthritis affects the lining of your joints, causing a painful swelling that can eventually result in bone erosion and joint deformity.

60. Plaintiff's rheumatoid arthritis substantially affected the major life activities of lifting, mobility, concentration, fatigue, fever and loss of appetite.

61. Once Defendant learned of Plaintiff's medical condition it discriminated and retaliated against him and because of his age, Defendant's retaliation made his disability worse.

62. Defendant's actions were intended to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

63. After digging trenches all week, Plaintiff became ill from the strenuous work which aggravated his disability.

64. Plaintiff asked Mr. Guthrie if he could go home and he indicated that he was allowed to leave.

65. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and

discrimination against him for engaging in a protective activity and for any actual or perceived disability.

66. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

67. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

68   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

69. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

70. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## *FIFTH CAUSE OF ACTION*
*(Age Discrimination in Employment Act ("ADEA" - Age Discrimination)*

71. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

72. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.,

73. Plaintiff is a fifty seven (57) year old Caucasian male.

74. Plaintiff was more than qualified to perform the position of an electrical helper and did so in a satisfactory manner.

75. On July 7, 2020, Defendant terminated Plaintiff's employment.

76. Plaintiff was replaced by a younger less qualified individual.

77. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and

until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the, ADA, ADAA and ADEA;

b) Enjoining and permanently restraining those violations of the ADA, ADAA and ADEA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

e) Awarding Plaintiff liquidated damages;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

h) Granting such other and further equitable relief as the Court

deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: October 8, 2021.                    By: */s/ Clayton M. Connors*
                                                          CLAYTON M. CONNORS
                                                          Florida Bar No.: 0095553
                                                          Email: cmc@westconlaw.com
                                                          **THE LAW OFFICES OF**
                                                          **CLAYTON M.  CONNORS, LLC.**
                                                          4400 Bayou Blvd., Suite 32A
                                                          Pensacola, Florida 32503
                                                          Tel:  (850) 473-0401
                                                          Fax: (850) 473-1388
                                                          Attorney for Plaintiff